In re William H. NORTON, Carrie W. Norton, f/k/a Carrie A. Woodward.

Civ. A. Nos. 82–0990, 82–0991.

United States District Court, E.D. Pennsylvania.

Oct. 25, 1982.

Judith A. Levinthal, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Virginia R. Powell, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Mitchell W. Miller, The Bankruptcy Clinic, Philadelphia, Pa., for debtors.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

The Internal Revenue Service (IRS) has appealed two orders of the Bankruptcy Court entered on December 4, 1981, which directed that the IRS turn over to the debtors herein $737.97 which represented a portion of a tax refund that had been retained by the IRS on account of the debtors' prepetition tax liability. The Court below held that the retainage was a setoff in violation of the Bankruptcy Code's "automatic stay" provision, 11 U.S.C. § 362(a)(7). The Bankruptcy Court held the IRS in contempt, and imposed a fine in the amount of $150.00,[1] and in a separate order, held that Complaint To Lift Automatic Stay failed to state a claim for which relief can be granted.[2]

On October 2, 1980, William H. and Carrie Norton filed a petition and a plan for the adjustment of their debts under Chapter 13 of the Bankruptcy Code. On April 23, 1981, the debtors' plan was confirmed by the Bankruptcy Court, which plan provided *inter alia* for the payment in full of IRS' priority claim of $737.97 for the tax liability of the debtors incurred in 1978.

Prior to the confirmation of the debtors' plan, the debtors had filed a tax return for the 1980 tax year which showed that they were entitled to a tax refund of $2052.78. The IRS subsequently refunded $1314.81 to the debtors but retained $737.97 on account of the 1978 tax liability of the debtors.

Thereafter, on May 4, 1981, the debtors filed an application with the Bankruptcy Court requesting an order directing the IRS to release to the debtors the $737.97 being retained by it. On the other hand, the IRS on August 3, 1981 filed a Complaint To Life Automatic Stay requesting relief from the automatic stay, to permit it to offset the tax refund due the debtors against their earlier tax liability.

Section 362(a)(7) of the Bankruptcy Code provides that the filing of the bankruptcy petition "operates as a stay, applicable to all entities of . . . the setoff of any debt owing to the debtor that arose before the commencement of the case against any claim against the debtor . . . ." 11 U.S.C. § 362(a)(7). In this regard, the non-debtor party seeking to assert a set off must proceed under section 362(d), seeking relief from the automatic stay, before the setoff can be taken. 2 COLLIER ON BANKRUPTCY ¶ 362.04[7] at p. 362–36 (15th ed., 1982).

The court below concluded that, regardless of the IRS' right to a setoff, the IRS failed to properly exercise its purported right and its retention of the debtors' funds, combined with an intent to ultimately effect a setoff, contravened the automatic

1. *See In re William H. Norton, Carrie W. Norton f/k/a Carrie A. Woodward,* Bankruptcy No. 80–02504, (E.D.Pa. filed Dec. 4, 1981). The order in this proceeding directing the IRS to turn over the retained funds and holding the IRS in contempt is appealed in C.A. No. 82–0991.

2. *See In Re William H. Norton, Carrie W. Norton f/k/a Carrie A. Woodward,* Bankruptcy No. 80–02504, Adversary No. 81–0974 (E.D.Pa. filed Dec. 4, 1981). The order in this proceeding dismissing the IRS' Complaint To Lift Automatic Stay is appealed in C.A. No. 82–0990. Since the issues in this appeal are so closely related to the issues in C.A. No. 82–0991, *see* note 1 *supra,* the appeals will be treated as though consolidated in the Court's Memorandum and Order.

stay provision of 11 U.S.C. § 362(a)(7). We agree.

In connection with its appeal, the IRS has included in the record several standing orders of bankruptcy courts in other districts that would appear to sanction the sort of retention or setoff as occurred in this case. However, adoption of such a standing order has been specifically declined in this district,[3] and the IRS has not persuaded this Court that such an order is mandated by the Bankruptcy Code. In sum, we find no error in the order of the court below directing the turnover of the retained funds to the debtors.

■ A closely related issue is raised by the Bankruptcy Court's dismissal, for failure to state a cause of action, of the IRS' Complaint To Life Automatic Stay. In the Complaint, the IRS alleged simply that

1. The United States filed its proof of claim in the above-entitled bankruptcy proceeding dated April 7, 1981, in the amount of $737.97.

2. The debtors filed their income tax return for the year 1980 and the return showed a withholding credit in the amount of $3,797.78, and a tax liability of $1,745.00.

3. The amount of $1,314.81 has been refunded to the debtors for the year 1978 and the amount of $737.97 has been retained by the Internal Revenue Service.

Rule 708 of the Rules of Bankruptcy Procedure makes Federal Rule 8(a)(2) applicable to bankruptcy adversary proceedings, accordingly, the IRS' complaint was required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Notwithstanding the liberal standard to be applied in determining whether a Complaint fails to state a cause of action, it is evident that none of the specific grounds for relief from an automatic stay are averred, nor is there any averment to the effect that the IRS' claim does not receive adequate protection under the confirmed plan by which it is bound.[4] However, this dismissal should be without prejudice to the IRS to file an appropriately amended Complaint To Life Stay should there be cause for such relief.[5]

■ Finally, the IRS contends that the court below erred in holding the Internal Revenue Service in contempt, on grounds that an agency of the United States is not capable of being held in contempt of an order of a Court of the United States. Specifically, the IRS urges that the court's power to punish for contempt, and the agency's authority to act stem from the same source—the sovereign. *See generally, Green v. United States,* 356 U.S. 165, 169–70, 78 S.Ct. 632, 635, 2 L.Ed.2d 672 (1957). On the other hand, however, the legislative history states that

> With respect to stays issued under other powers, or the application of the automatic stay, to government actions, this section [362] and the other sections mentioned *are intended to be an express waiver of sovereign immunity of the Federal Government....*

H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 342 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6299 (emphasis supplied). Moreover, 11 U.S.C. § 105(a) gives the Bankruptcy Court broad power to "issue

---

**3.** *See* the Bankruptcy Court's opinion of December 4, 1981, note 1 *supra.* The Bankruptcy Court's opinion is now reported in 15 B.R. 623 (Bkrtcy.E.D.Pa.1981).

**4.** The IRS has argued that the debtors' claims to its tax refund was rooted in the debtors' pre-bankruptcy past and thus, there was a mutual debt subject to set off under 11 U.S.C. § 553, albeit the right to exercise such setoff would be stayed under 11 U.S.C. § 362(a)(7). If subject to set off, the IRS' claim against the debtors would be a secured claim, 11 U.S.C. § 506(a), and the IRS would be entitled to "adequate protection" of its interests. 11 U.S.C.

§§ 361, 362(d). Although the Code places the burden of proof on the debtors as respects their entitlement to continuation of the stay, 11 U.S.C. § 362(g), the party requesting relief *must first make a showing of cause, as should have been more clearly alleged in the instant case.*

**5.** *See* note 4 *supra.* The Court notes that any future tax refunds due the debtor might lack the requisite element of mutuality as needed to fall within the right of set off specified in § 553(a).

any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." In the Court's view, a finding of contempt against even an agency of the United States such as the IRS may be appropriate to carry out the provisions of the Bankruptcy Code.

Secondly, the IRS contends that it can not be held in contempt since its actions did not constitute a wilful violation of the automatic stay provisions. However, the court below found as a matter of fact that at the time of the IRS' action, the IRS was aware of the debtors' bankruptcy, and thus it was aware of the automatic stay. *See Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2nd Cir.1976) *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). In sum, the Court finds no error or abuse of discretion in the Bankruptcy Court's finding the IRS in contempt and the imposition of a fine of $150.00.