**In re Rod B. ALEXANDER, Ann L. Alexander, Debtors.**

Bankruptcy No. 2–81–02429.

United States Bankruptcy Court, S.D. Ohio, E.D.

June 29, 1983.

Richard D. Palmer, Columbus, Ohio, for debtors.

Albert R. Ritcher, Asst. U.S. Atty., Columbus, Ohio, for the IRS. Frank Pees, Worthington, Ohio, trustee.

ORDER ON OBJECTION TO CLAIM

THOMAS M. HERBERT, Bankruptcy Judge.

This matter is before the court pursuant to notice and a hearing in open court upon debtors' objection to the claim filed by the Internal Revenue Service (IRS).

Debtors have an active, amended Chapter 13 plan originally confirmed by this court on August 4, 1981. On January 5, 1982, IRS filed a proof of claim in the amount of $6,447.86, based upon income taxes due and unpaid for 1975 through 1980. On August 25, 1982, debtors objected to the claim, stating:

There are no substantiations with the claim. The Debtors filed a previous Chapter 13 Plan wherein they paid all outstanding taxes due the Internal Revenue Service through that Plan as of the date of that Plan. Any new taxes in-

curred thereafter were filed as listed in the Debtors' new Chapter 13 to be $1,789.00.

IRS opposed debtors' objection to its claim by noting that in addition to its proof of claim referred to in debtors' objection, a supplemental proof of claim was filed on August 10, 1982 in the amount of $4,837.00, which represented income taxes due for 1981. IRS stated further that it had received and applied $3,085.86 to debtors' income tax liabilities during administration of the present Chapter 13 plan, leaving a balance due through 1981 in the amount of $8,199.00. IRS observed also that it had received $11,639.00 during administration of debtors' old Chapter XIII plan, and had applied all of such funds to debtors' income tax liability for 1974. IRS attached a copy of its proof of claim in the Chapter XIII proceeding, which shows $13,728.61 due for 1974.

This matter was set originally for hearing on October 14, 1982, but was postponed upon request of the parties until February 4, 1983 for the purpose of gathering documentary material from IRS files. At the time of the hearing, the parties agreed that the dispute would be submitted upon briefs, and all briefs have now been filed with the court.

Debtors state in their brief that "no objection has been filed as to the second claim (for $4,837.00)." Hence, no question relating to IRS' supplemental proof of claim is now before the court. Moreover, debtors do not pursue their complaint that IRS' claim for $6,447.86 lacks substantiation, and that part of their objection is therefore deemed abandoned.

The parties agree that portions of the disputed tax liabilities for 1975 through 1980 will be negotiated without the intervention of a court. Thus, debtors state in their brief:

> ... (T)he remaining items before this court (are) the proper application of a $2,090.00 refund due for the tax year 1977 (payable in 1978) and the effect of claims that are more than 3 years old as of the filing of the present Petition (1975,

in the amount of $902.35 and 1976 in the amount of $1,970.20). The claims for the 1979 taxes, $840.43, and the 1980 taxes, $1,068.87, are undisputed.

In 1978, during the pendency of debtors' old Chapter XIII proceeding, IRS calculated that debtors were entitled to a $2,090.00 refund for the 1977 taxable year. Discovering that debtors had an outstanding tax liability for 1974, IRS applied the refund to that obligation instead of forwarding the funds to the Chapter XIII trustee. IRS asserts that it had a right to set-off in this manner, pursuant to § 68 of the Bankruptcy Act of 1898, and that the set-off simply reduced the amount of its allowed claim in the Chapter XIII case. Debtors argue that IRS' set-off in their Chapter XIII case is void because it was done in violation of the stay imposed by Rule 13–401 of the Bankruptcy Act. Debtors further assert that the 1974 taxes against which the set-off was imposed are now uncollectible by virtue of their age and are, therefore, not allowable in the later Bankruptcy Code Chapter 13 case.

■ The court finds that IRS improperly set-off debtors' refund for 1977 against debtors' liability for 1974. Without deciding whether the stay imposed by Rule 13–401 of the Rules of Bankruptcy Procedure prohibited such set-off, the court concludes that the factual background of the obligations did not give rise to a set-off entitlement. Section 68 of the Bankruptcy Act of 1898, which governs debtors' Chapter XIII case and which arguably applies to a Chapter XIII proceeding, recognized that where there was a debtor-creditor relationship existing before a bankruptcy petition was filed, the creditor of the bankrupt might offset against the amount owed it any amount the creditor owed the bankrupt based upon a separate transaction. This factual situation did not exist in debtors' Chapter XIII proceeding.

At the time debtors' Chapter XIII case was filed on May 11, 1976, creditor (IRS) did not owe the bankrupt any monies from the overpayment of taxes. Consequently

there was no mutual debt against which an offset could be taken. Any credit which came into existence after the bankruptcy filing did not give rise to a right of set-off. *In the Matter of Universal Money Order Co.,* 3 B.C.D. (CRR) 905 (Bkrtcy.S.D.N.Y. 1977), *Avant v. U.S.,* 165 F.Supp. 802 (E.D. Va.1958). The $2,090.00 used to set off the debt for 1974 taxes is owed to debtors, and IRS' remaining claim for $2,090.00 for 1974 taxes survives the dismissal of the Chapter XIII.

■ Coming into a new Chapter 13, governed by the Bankruptcy Reform Act of 1978 (Bankruptcy Code), IRS possessed claims against debtors for $2,090.00 for 1974, for various amounts due for 1975–1980 which are in the process of negotiation with respect to disallowed deductions for alimony, and for $4,837.00 due for 1981. Debtors concede, regardless of the outcome of the negotiations, that $840.43 is owed for 1979 and $1,068.87 is owed for 1980. Pre-petition mutual obligations between debtor and IRS existed at the time the Chapter 13 case was filed on June 17, 1981. Those obligations were for 1974–1976 and 1978–1980 taxes owed to IRS by debtors, and the refund for 1977 taxes owed debtors by IRS as a result of the improper set-off in the prior Chapter XIII case. IRS did, therefore, have a right to set off its claims in the new Chapter 13. Such set-off could not have been applied to the 1974 taxes, however, unless such taxes would be an allowed claim in the Chapter 13 proceeding. See 11 U.S.C. §§ 553(a) and 502(b).

■ Debtors have asserted that the 1974 taxes would not be an allowed claim in the Chapter 13 because those taxes are time-barred. This court does not find any statutory authority for that position. Although the IRS claim filed in this case, as supplemented, does not include any claim for 1974, such a posture is not surprising given the IRS position of validity for its prior set-off. IRS did file a timely proof of claim for 1975–1980 taxes, which it amended with a later claim for 1981 taxes. It could now arguably amend its claim further to include the 1974 taxes remaining due from the 1976

Chapter XIII. See *In re Saxe,* 14 B.R. 161 (Bkrtcy.S.D.N.Y.1981).

Likewise, the court finds no time bar through the examination of federal tax laws. The Internal Revenue Code, at 26 U.S.C. § 6502(a), allows collection of a timely assessed tax within 6 years of assessment. The timeliness of the 1974 tax assessment on October 20, 1975 has not been challenged, and six years had not expired from that date of assessment as of July 17, 1981 when debtors' Chapter 13 proceeding was filed. Because 26 U.S.C. § 6503(i) suspends that collection time during a case under Title 11, the 1974 claim is not yet time-barred under applicable tax law.

With respect to IRS' right of set-off, however, the court finds that such right, although existent under 11 U.S.C. § 553(a) when the Chapter 13 was filed, is now barred by the confirmation of debtors' plan. The confirmed plan, which was not objected to by IRS, provides for payment of all tax claims through payments to the Chapter 13 trustee. The provisions of 11 U.S.C. § 1327 serve to vest the right to refund of the $2,090.00, which was property of the bankruptcy estate prior to confirmation, in debtors. Such vesting is free and clear of any claim of IRS, which is thereafter bound by the provisions of the confirmed plan mandating payment on its claims from the trustee. See *In re Holcomb,* 18 B.R. 839 (Bkrtcy.S.D.Ohio 1982) and *In re Norton,* 15 B.R. 623 (Bkrtcy.E.D.Pa.1981). Section 553 is subject to § 1327, and whatever the final amount of the IRS claim is determined to be, it is not, subsequent to confirmation, subject to exercise of any right of set-off.

■ The court finds further, that any IRS claims for tax years prior to 1977 are not entitled to status as priority claims pursuant to 11 U.S.C. § 507(a)(6)(A)(i). The amounts finally attributable to tax liabilities for those years are general unsecured claims payable at the 90% dividend under debtors' confirmed plan.

. In conformity with the foregoing, debtors' objections to the IRS' claims are partially sustained. IRS is owed $2,090.00 by

debtors for 1974 taxes, which will be allowed only if an amendment asserting such liability is properly filed within thirty (30) days of the date of this order; debtors are owed $2,090.00 by IRS for an overpayment of 1977 taxes; tax claims for tax years prior to 1977 shall be allowed as general unsecured claims only; the supplemental claim for $4,837.00 for 1981 is allowed; and the remainder of the tax liabilities are subject to negotiations regarding the allowance of claimed deductions. Upon resolution of these matters, IRS shall submit an amended proof of claim, with a copy to debtors' counsel and the Chapter 13 trustee, so that such claim may be properly paid through this Chapter 13 plan.

IT IS SO ORDERED.