**In re Donald DOMINGUEZ, Debtor.**

**Bankruptcy No. 586–583.**

United States Bankruptcy Court,
N.D. Ohio.

Sept. 10, 1986.

Kathryn Belfance, Akron, Ohio, for the debtor.

Richard French, Asst. U.S. Atty., Cleveland, Ohio, Robin L. Greenhouse, Trial Atty., Tax Division, Internal Revenue Service, Washington, D.C.

Jerome Holub, Akron, Ohio, Chapter 13 Trustee.

## FINDING AS TO MOTION FOR RETURN OF POST–PETITION TRANSFER

H.F. WHITE, Bankruptcy Judge.

### I. FINDINGS OF FACTS

On April 23, 1986 Donald Dominguez filed a petition under Chapter 13 of Title 11 of the United States Code. On or about April 16, 1986 the IRS sent a notice of levy on wages, salary and other income to the debtor showing deficiencies and assessment for income tax due and owing for tax periods ending 12–31–80, 12–31–83 and 12–31–84. *See* Exhibit to Proof of Claim No. 11 filed June 11, 1986 by the debtor. On or about June 2, 1986 the IRS sent to the debtor a notice of its having offset the sum of $1,523.00, a refund for tax period ending 12–31–85, against taxes owing for the tax period ending 12–31–80, leaving a balance due in the sum of $4,109.95 for that tax period. *See* Exhibit to Motion of Debtor For Return of Post-Petition Transfer filed June 18, 1986. On August 13, 1986 an order confirming the Chapter 13 plan was entered; the plan provides for payment to the unsecured creditors of 10% of their claims over five years.

### II. ISSUE: WHETHER THE IRS IS ENTITLED TO OFFSET A TAX REFUND FOR 1985 AGAINST A PRE–PETITION DISCHARGEABLE DEBT ARISING DECEMBER 31, 1980?

### III. DISCUSSION OF LAW

The IRS draws the court's attention to Second Revised General Order No. 2 for the U.S. Bankruptcy Court of the Northern District of Ohio, Eastern Division entered

January 15, 1982 [1] which modifies the automatic stay arising under § 362 of the Code to allow the IRS "to make income tax refunds, in the ordinary course of business, in Chapter 7, 11 and 13 cases" and "to offset against any refund due a debtor any taxes due" the IRS. The IRS argues that this general order in conjunction with § 553 of the Code allows it to offset the 1985 income tax refund against the 1980 tax liability without being in violation of the automatic stay.

The debtor argues that the failure of the IRS to object to the Chapter 13 plan providing for payment of unsecured claims at 5% [sic] or to obtain relief from stay bars it from offsetting the 1985 tax refund against an unsecured prepetition debt without priority. The debtor cites and appends three cases in support of his argument, all of which are distinguishable from the instant case, and one of which contains a rationale which supports the general position of the IRS.

 In *In re Conti*, 50 B.R. 142 (Bankr.E.D.Va.1985) the court found the IRS in contempt for demanding in a past due notice *full payment* of a pre-petition tax liability, although the court allowed a setoff against the debtor's tax refund, in a bankruptcy court which apparently did not have in effect a general order such as the one in the instant case. Not only is that case distinguishable from the instant case on the basis that the Northern District of Ohio, Eastern Division has by a general order modified the application of the automatic stay, but also that case contains a cogent analysis of why the IRS in the instant case is entitled to a setoff. Applying that rationale to this case this court finds that the obligation of the IRS to the debtor arose as of December 31, 1985, the end of the debtor's tax year. *Id.* at 148. Although the debtor may have received notice of his refund and the setoff post-petition, the right to the refund arose pre-petition,

and the debtor had only to satisfy the procedural requirements to secure it. *Id.* (citing I.R.C. § 6511(a) (1982)). This debtor's tax liability also arose pre-petition, i.e. on December 31, 1980. Requisite mutuality exists.

 "The automatic stay does not defeat the right of setoff; rather, setoff is merely stayed pending an 'orderly examination of the debtor's and creditor's rights'.... A creditor seeking to exercise a post-petition setoff must first seek relief from the automatic stay upon notice and hearing." 4 *Collier On Bankruptcy*, para. 553.05(2) at 553–29 to 553–30 (15th ed. 1986) (footnotes omitted). However, Second Revised General Order No. 2 modifies the automatic stay to allow the IRS to exercise its § 553 right of setoff.

In the second case mentioned by the debtor, *In re Burrow*, 36 B.R. 960 (Bankr. D.Utah 1984), the court found the IRS to be in civil contempt for placing a "freeze code" on debtor's account, thereby retaining debtor's tax refund. However, in the *Burrow* case the IRS had no setoff rights. *Id.* at 963. On the date the petition was filed, no overpayment existed, therefore, no right to offset existed. *Id.*

 The last case mentioned in the debtor's brief, *In re Warden*, 36 B.R. 968 (Bankr.D.Utah 1984), is also distinguishable. The court in *Warden* found the IRS violated the automatic stay when it froze debtors' account, but the debtors' right to a refund arose *after* the petition was filed and the motion for relief from stay was filed *after* the chapter 13 plan was confirmed. The plan provided that debtors would apply part of their tax refund to fund the plan. Neither did this court have in effect a general order modifying the stay to allow the IRS to offset tax refunds against tax claims. The *Warden* court opined that the confirmation of a chapter 13 plan extinguishes rights of setoff otherwise held by the IRS. *Id.* at 972. But in

---

**1.** Each bankruptcy judge sitting by appointment in the United States District Court for the Northern District of Ohio, Eastern Division, signed the general order. A copy of Second Revised General Order No. 2 for the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, appears in the appendix.

the instant case, the setoff occurred on June 2, 1986, prior to the date the plan was confirmed, August 13, 1986. *But see, In re Alexander,* 31 B.R. 389, 391 (Bankr.S.D. Ohio 1983) (confirmed chapter 13 plan which provides for payment of all unsecured, non-priority tax claims binds the IRS, and subsequent to confirmation, IRS may not exercise a setoff).

## IV. CONCLUSION

The IRS is entitled to offset a tax refund which accrues pre-petition against a pre-petition dischargeable tax liability. The IRS is not in violation of the automatic stay by reason of the Second Revised General Order No. 2. The order confirming the chapter 13 plan and the chapter 13 plan have no effect on the setoff as the plan was confirmed subsequent to the setoff. Accordingly, a separate order denying debtor's motion for return of post-petition transfer shall be entered hereon.

## APPENDIX

United States Bankruptcy Court

Northern District of Ohio

Eastern Division

In re: INTERNAL REVENUE SERVICE
SECOND REVISED GENERAL ORDER NO. 2

By the provisions of 11 U.S.C. § 362, all entities are enjoined and stayed from commencing or continuing any suit against the debtor, from assessing any claim against the debtor that arose before the commencement of the bankruptcy proceeding and from creating any lien against property of the estate.

By the provisions of 11 U.S.C. § 101, "entity" is defined as including person, estate, trust and governmental unit.

By reason of the foregoing provisions, the Internal Revenue Service is withholding income tax refunds due debtors in Chapters 7, 11 and 13 cases under the Bankruptcy Code. Furthermore, by reason of the foregoing provisions, the Internal Revenue Service is prohibited from assessing tax liabilities (income, estate, gift, excise and employment) shown on voluntarily filed returns, agreed deficiencies/adjustments in such tax liabilities, adjustments in employment and excise tax liabilities with respect to which the debtor/taxpayer fails to lodge a timely protest, agreed penalties asserted under I.R.C. § 6672 for failure to collect and/or pay over any tax which, by law, is required to be collected and/or paid over and penalties asserted under I.R.C. § 6672 with respect to which the debtor/taxpayer fails to make a timely protest. By reason of the operation of the foregoing provisions, the administration of bankruptcy cases is being hindered, burdened and delayed, and the administration of the federal tax system is likewise being hindered, burdened and delayed, due to the necessity of constant monitoring which arises from the operation of the foregoing provisions. The continuation of the withholding of income tax refunds and the prohibition against the above enumerated assessments work an injustice and cause undue hardship.

It is, therefore, ORDERED, ADJUDGED and DECREED that the Internal Revenue Service be, and it is hereby authorized and directed to make income tax refunds, in the ordinary course of business, in Chapter 7, 11 and 13 cases; that the Internal Revenue Service be authorized to offset against any refund due a debtor any taxes due the United States Government; and that the Internal Revenue Service be authorized to assess any tax liability satisfied by offsetting any refund, when such liability has not previously been assessed; and

It is further ORDERED, ADJUDGED and DECREED that the Internal Revenue Service is hereby authorized to assess tax liabilities (income, estate, gift, excise and employment) shown on voluntarily filed returns, agreed deficiencies/adjustments in such tax liabilities, adjustments in employment and excise tax liabilities with respect to which the debtor/taxpayer fails to lodge a timely protest, agreed penalties asserted under I.R.C. § 6672 and penalties asserted

under I.R.C. § 6672, with respect to which the debtor/taxpayer fails to lodge a timely protest; and

It is further ORDERED that the stay afforded by 11 U.S.C. § 362 be, and it is hereby modified to that extent.