In re Eddie ORLINSKI, Debtor.

UNITED STATES of America on Behalf of its agency, INTERNAL REVENUE SERVICE, Movant,

v.

Eddie ORLINSKI, Respondent.

Bankruptcy No. 91–20124.

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

Dec. 16, 1991.

Sean O'Conner, Trial Atty. Tax Div., U.S. Dept. of Justice, Washington, D.C., for movant.

Evelyn H. Johnson, Brunswick, Ga., for debtor.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

Before the court is a motion for relief from the automatic stay of § 362(a) filed by the United States of America on behalf of its agent the Internal Revenue Service ("IRS"). Based on the evidence presented at hearing, submitted briefs and relevant legal authorities, I make the following findings.

## FINDINGS OF FACT

The facts are not in dispute. On February 8, 1991 Eddie Orlinski ("debtor") filed for protection under Chapter 13 of title 11 United States Code. The IRS filed a proof of secured claim for One Thousand Six Hundred Twenty–Six and 25/100 ($1,626.25) Dollars based on debtor's income tax liability, plus penalties and interest, for the years 1987 and 1988. Debtor overpaid his federal income tax for 1990 and is entitled to a refund in the amount of One Thousand One Hundred Eighty–Four and 74/100 ($1,184.74) Dollars. No evidence as to the date debtor filed his 1990 return has been submitted.

The IRS filed a motion for relief from stay on July 8, 1991 seeking the court's permission to setoff debtor's tax refund for 1990 against his tax liability for 1987 and 1988. On July 18, 1991, prior to hearing on the IRS's motion, Honorable Lamar W. Davis, Jr., Chief Bankruptcy Judge for the Southern District of Georgia, confirmed debtor's Chapter 13 plan. The IRS did not object to confirmation. Under debtor's confirmed plan, the IRS will be paid its secured claim in full within 60 months of confirmation. As of hearing on the IRS's motion, debtor was current on his plan payments.

## CONCLUSIONS OF LAW

The Bankruptcy Code provides for an automatic stay against all actions taken against property of the bankruptcy estate. 11 U.S.C. § 362(a). However, § 362(d) provides

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The IRS argues that it holds a right of setoff under 26 U.S.C. § 6402 and 11 U.S.C. § 553, which right the IRS contends constitutes "cause" for relief from stay under 11 U.S.C. § 362(d)(1). On this issue, debtor bears the ultimate burden of proof, 11 U.S.C. § 362(g)(2), once the IRS has established prima facie there is cause for relief from stay. *In re: Pioneer Commercial Funding Corp.*, 114 B.R. 45, 47 (Bankr.S.D.N.Y.1990).

■ Section 553(a) of title 11, which governs setoff in bankruptcy, provides as follows:

Except as otherwise provided in this section and in sections 362 and 363 of this title [11], this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

(1) the claim of such creditor against the debtor is disallowed other than under § 502(b)(3) of this title;

(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or

(B) (i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition;

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

11 U.S.C. § 553(a).

Section 553(a) does not create the right of setoff; rather, § 553(a) preserves the right where it exists under applicable nonbankruptcy law. *In re: McLean Industries, Inc.*, 90 B.R. 614, 618 (Bankr.S.D.N.Y. 1988). The Internal Revenue Code provides that the IRS has the right to setoff a taxpayer's overpayment of tax against a tax liability for prior years. 26 U.S.C. § 6402(a).[1]

■ Under § 553(a), in order for a creditor's right of setoff under applicable nonbankruptcy law to continue in bankruptcy, "(1) the setoff must involve a mutual debt so that both the creditor and debtor owe each other money, . . . .; (2) both sets of obligations must arise prior to the bankruptcy filing, . . . .; and (3) the setoff cannot fall within [the] three exceptions [outlined in § 553(a)(1)–(3) ]." *In re: Dillard Ford*, 940 F.2d 1507, 1512 (11th Cir.1991) (citations omitted). Debtor owes the IRS income taxes, plus interest and penalties, for 1987 and 1988, which debt accrued prepetition.[2] The IRS owes debtor a refund of his overpayment of his tax liability for 1990. The IRS's "debt" for debtor's tax overpayment accrued on December 31, 1990 at the close of the taxable year for which overpayment was made, 1990. *In re: Dominguez*, 67 B.R. 526, 528 (Bankr.N.D. Ohio 1986); *In re: Conti*, 50 B.R. 142, 148 (Bankr.E.D.Va.1985). None of the three exceptions to setoff in § 553(a) applies to this case. Thus the IRS retains its prepetition right of setoff pursuant to § 553(a).

---

1. Section 6402(a) provides:
 In the case of any overpayment, the Secretary [of the Treasury], within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund the balance. The exceptions in subsections (c) and (d) concern, respectively, the offset of past due support

and the collection of debts owed federal agencies, and are therefore not applicable to this case.

2. Debtor's taxes for the years 1987 and 1988 accrued at the close of those years. The IRS's proof of claim indicates that the portion of the IRS's claim that represents interest and penalties is based on interest and penalties that accrued prepetition.

 Section 553(a), by its terms, makes a creditor's right of setoff subject to the automatic stay of 11 U.S.C. § 362.[3] Section 362(a) stays, among other things, "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title [11] against any claim against the debtor." 11 U.S.C. § 362(a)(7). However,

> [t]he automatic stay does not defeat the right of setoff; rather, setoff is merely stayed pending an 'orderly examination of the debtor's and creditor's rights....' A creditor seeking to exercise a postpetition setoff must first move for relief from the automatic stay upon notice and hearing.

4 *Collier on Bankruptcy,* ¶ 553.05, 553–35—553–37 (L.King 15th ed. 1991) (footnotes omitted). *Accord In re: Conti, supra,* at 149. The IRS properly moved for relief from stay seeking to exercise its prepetition right of setoff.[4] By establishing its right of setoff, the IRS has made a prima facie showing of "cause" for relief from stay under § 362(d)(1).

 Debtor contends his confirmed plan, which provides for full payment of the IRS's claim within the plan period, binds the IRS and precludes any setoff. Debtor argues that under 11 U.S.C. § 1327(a), setoff is barred by confirmation of debtor's Chapter 13 plan. Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). In several cases supporting debtor's argument, the courts relied on § 1327(a) in holding that confirmation of a Chapter 13 plan extinguishes a creditor's right of setoff. *See, e.g., United States on behalf of IRS v. Norton,* 717 F.2d 767 (3rd Cir.1983); *In re: IRS Liabilities and Refunds in Chapter 13 Proceedings,* 30 B.R. 811 (D. M.D. Tenn.1983); *In re: Patterson,* 107 B.R. 576 (Bankr.S.D. Ohio 1989); *In re: Willardo,* 67 B.R. 1014 (Bankr.W.D.Mich. 1986); *In re: Warden,* 36 B.R. 968 (Bankr.D. Utah 1984); *In re: Alexander,* 31 B.R. 389 (Bankr.S.D. Ohio 1983); *In re: Perry,* 26 B.R. 599 (Bankr.E.D.Pa.1983); *Matter of Hackney,* 20 B.R. 158 (Bankr.D. Idaho 1982).

 None of these courts, however, reconciled its holding with the plain language of § 553(a) that "[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title [11], *this title does not affect any right of a creditor to offset*" mutual prepetition debts. 11 U.S.C. § 553(a) (emphasis added). Congress is presumed to mean what it says. *United States v. Jones,* 542 F.2d 661, 667 (6th Cir.1976). *See generally United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.E.2d 290 (1986). "[T]his title," title 11, includes § 1327(a). Section 553(a) is clear that the right of setoff is not made subject to the provisions of § 1327(a). Under § 553(a), a valid prepetition right of setoff continues to exist notwithstanding § 1327(a), subject only to the provisions of §§ 362, 363, and the rest of § 553. Moreover, as the IRS correctly argues, nowhere in § 553(a) is the right of setoff in a Chapter 13 case made contingent on whether the debtor's Chapter 13 plan has been confirmed. I must apply § 553(a) as it is written. Although I agree with the cited contrary authorities that under § 1327(a) "[a]n order confirming a plan ... is res judicata as to all questions pertaining to each plan which were raised or could have been raised," *Pembroke State Bank v. Melvin (In re: Melvin),* Ch. 13

---

**3.** Section 553(a) also makes a creditor's right of setoff subject to § 363 and the other subsections of § 553. The provisions of those sections are not applicable in this case.

**4.** The debtor in his responsive brief in opposition to relief from stay asserts a violation of § 362(a)(7), but as noted the IRS here seeks relief from stay to setoff. There has been no setoff, *In re: Owens–Peterson,* 39 B.R. 186, 189

(Bankr.N.D.Ga.1984) [citing *Baker v. Nat. City Bank of Cleveland,* 511 F.2d 1016, 1018 (6th Cir.1975) ]; *United States v. Central Bank of Denver,* 843 F.2d 1300, 1310 (10th Cir.1988); *contra In re: Cusanno,* 17 B.R. 879, 882 (Bankr. E.D.Pa.1982), so no violation of § 362(a)(7) has occurred. The debtor does not raise a § 362(a)(3) violation, that issue is not addressed in this order.

case No. 89–60492 at p. 4 (Bankr.S.D.Ga. Dalis, J. Oct. 18, 1990), based on the express unequivocal language of § 553(a), § 1327(a) does not affect a creditor's prepetition right of setoff. *Dominguez, supra,* at 529; *In re: Mason,* 79 B.R. 786, 788 (Bankr.N.D.Ill.1987). In this case, contrary to many of the cited authorities supporting debtor's argument, the IRS sought relief from stay prior to confirmation, but hearing on the IRS's motion for relief from stay was held after debtor's Chapter 13 plan was confirmed. Furthermore, there has been no evidence presented that permitting the IRS to exercise its right of setoff will prejudice other creditors in this case, or otherwise impede debtor's fresh start and successful completion of his Chapter 13 plan. Accordingly, I find the IRS's right of setoff, preserved by § 553(a), is "cause" for relief from stay to permit the setoff.

It is therefore ORDERED that the IRS's motion for relief from stay is granted. The IRS is directed to proceed with setoff providing debtor the appropriate notice of setoff not later than twenty (20) days from the date of this order.