**In re Stephen B. WHITAKER, Shirley A. Whitaker, Debtors.**

**Bankruptcy No. 94–51586.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Oct. 20, 1994.

**360**

Nicholas W. Jones, Delaware, OH, for debtors.

Frank M. Pees, Chapter 13 Trustee, Worthington, OH.

Philip L. Brady, Asst. U.S. Atty., Columbus, OH.

## ORDER GRANTING MOTION TO LIFT STAY

CHARLES M. CALDWELL, Bankruptcy Judge.

The United States of America on behalf of the Internal Revenue Service ("IRS") requests relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to set off a prepetition income tax refund due to the Debtors against the IRS claim filed in this case. The Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on March 22, 1994. Debtors' chapter 13 plan sets forth, in addition to full repayment of secured claims and unsecured priority claims, repayment of unsecured debt at ten percent (10)%.

The IRS filed an Objection to Confirmation of the Debtors' plan. The IRS alleged the Debtors had not filed income tax returns for the taxable years 1988 through and including 1993, and argued the Debtors should not be afforded relief under title 11 of the United States Code while ignoring their duties under title 26. Upon submission of copies of the timely filed returns by the Debtors, apparently misplaced by the IRS, the IRS withdrew its Objection to Confirmation. The IRS Objection did not address the content of the Debtors' plan, nor include a request for a provision permitting setoff. The Debtors' plan of reorganization was confirmed by Order of this Court on June 9, 1994.

The Debtors' original Schedule B—"Personal Property" did not indicate a prepetition tax refund as part of the estate. On August 12, 1994, Debtors amended Schedule B to include an income tax refund for the tax year 1993 in the amount of $1,337.00.

On June 7, 1994, the IRS filed its Amendment No. 2 to Proof of Claim for an unsecured priority claim in the total amount of $19,033.75 and an unsecured general claim in the total amount of $4,818.48. The Debtors have not objected to the IRS' Proof of Claim.

11 U.S.C. § 553 provides:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by

such creditor to the debtor that arose before the commencement of the case....

■ Section 553(a) does not create a right of setoff, but preserves the right where it exists under applicable nonbankruptcy law. *United States v. Orlinski (In re Orlinski),* 140 B.R. 600, 602 (Bankr.S.D.Ga.1991), *citing In re McLean Industries, Inc.,* 90 B.R. 614, 618 (Bankr.S.D.N.Y.1988).

■ A creditor must first establish its right to setoff under 11 U.S.C. § 553(a). The creditor must show that a right to setoff exists by establishing:

1) A debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case;

2) A claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case;

3) The debt and claim are mutual obligations; and

4) A right to setoff the debts under nonbankruptcy law.

*DuVoisin v. Foster (In re Southern Industrial Banking Corp.),* 809 F.2d 329 (6th Cir. 1987). The debts owed must be mutual as of the date of the original petition for relief. *In re Academy Answering Services, Inc.,* 90 B.R. 294 (N.D.Ohio 1988), *rev'd in part on other grounds,* 100 B.R. 327 (N.D.Ohio 1989); *In re Mason,* 79 B.R. 786, 787 (Bankr. N.D.Ill.1987); *In re Conti,* 50 B.R. 142 (Bankr.E.D.Va.1985).

■ Having filed their petition for relief on March 22, 1994, the Debtors' 1993 income tax refund is a prepetition debt owed to the Debtors by the IRS. Debtors do not dispute that the obligations are mutual, the obligations arose from separate transactions, and both obligations accrued prepetition. Because the Internal Revenue Code, 26 U.S.C. § 6402(a), provides that the IRS has the right to set off a taxpayer's overpayment of tax against a tax liability for prior years, the IRS meets the fourth requirement of showing its right to setoff exists in nonbankruptcy law. Finally, none of the three exceptions to setoff listed in 11 U.S.C. § 553(a) applies to the case at bar. The Court finds that the IRS satisfies the requirements of 11 U.S.C.

§ 553(a) and therefore retains its prepetition right of setoff.

Section 553(a) by its own terms is limited by § 362. Section 362(a)(7) provides a stay of any action by a creditor to set off any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor. The imposition of the automatic stay against a creditor's right of setoff "... does not defeat the right of setoff, rather, setoff is merely stayed pending an 'orderly examination of the debtor's and creditor's rights....'" *In re Orlinski,* 140 B.R. at 603, *citing 4 Collier on Bankruptcy,* para. 553.05 at 553–35 to 553–37 (L. King 15th ed.1991); *accord In re Dominguez,* 67 B.R. 526 (Bankr.N.D.Ohio 1986); *In re Conti,* 50 B.R. at 149. Thus, prior to exercising any right to setoff, the creditor must obtain relief from stay from the Bankruptcy Court. *In re Academy Answering Services, Inc.,* 90 B.R. at 295; *In re Dominguez,* 67 B.R. at 528; *In re Mason,* 79 B.R. at 788.

In its Motion, the IRS argues that it should be granted relief from stay to set off a prepetition refund of $1,377.00 due to the Debtors for the tax year 1993 against the prepetition claim owed to the IRS by the Debtors. The practical effect would be to reduce the amount of debt the Debtors will repay to the IRS through the confirmed plan. The Debtors' Memorandum in Opposition argues that the IRS Motion does not state any grounds upon which relief from stay can be granted. Debtors argue the IRS Motion fails to plead lack of adequate protection, and no material default has occurred under the confirmed plan. The Court does not find the Debtors' argument persuasive.

■ The application of setoff pursuant to 11 U.S.C. § 553(a) is permissive, and lies within the equitable powers of the bankruptcy court. *In re Southern Industrial Banking Corp.,* 809 F.2d at 332; *In re Academy Answering Services, Inc.,* 90 B.R. at 296. By establishing its right to setoff under 11 U.S.C. § 553(a), a creditor makes a prima facie showing of "cause" for relief from stay under 11 U.S.C. § 362(d)(1). *In re Orlinski,* 140 B.R. at 603. By imposing the automatic stay upon setoff rights, the Bankruptcy Code

**362**

establishes notice, hearing, and court review of setoff actions.[1] A debtor may then rebut the creditor's right to setoff or cause for relief from stay, and may argue reasons why relief from stay would be unwarranted or inequitable.

■ As aforementioned, the IRS in this case has established its right to setoff. Responding to the Motion for Relief from Stay, the Debtors in this case have not refuted the IRS's right to setoff. Further, Debtors have not rebutted the IRS's showing of cause for relief from stay nor shown that granting relief from stay would herein impede their fresh start, jeopardize their plan of reorganization, prejudice other creditors or cause other harm. Upon an examination of the Debtors' and IRS's rights, this Court holds the IRS's establishment of its right to setoff pursuant to 11 U.S.C. § 553(a) is cause for relief from the automatic stay.

■ Debtors' Memorandum in Opposition to Motion for Relief from Stay: Discussion of Cases Alleged in Support of the IRS, cites to the case of *In re Alexander,* 31 B.R. 389 (Bankr.S.D.Ohio 1983), and argues a chapter 13 confirmation order bars a creditor from asserting setoff rights. In *Alexander,* the Court held the creditor's right to setoff was barred upon confirmation because 11 U.S.C. § 1327 vested the property of the estate (a prepetition income tax refund) in the debtor upon confirmation. Because the creditor did not object to confirmation of the plan, the creditor was bound to the plan's repayment terms. *See also In re Holcomb,* 18 B.R. 839 (Bankr.S.D.Ohio 1982); *In re Warden,* 36 B.R. 968 (Bankr.D.Utah 1984); *In re Norton,* 15 B.R. 623 (Bankr.E.D.Pa.1981), *aff'd* 32 B.R. 698 (D.Pa.1982), *aff'd in part, rev'd in part on other grounds sub nom., U.S. v. Norton,* 717 F.2d 767 (3d Cir.1983); *United States v. Johnson (In re Johnson),* 136 B.R. 306 (Bankr.M.D.Ga.1991).

■ This Court does not agree with the holding of *In re Alexander* and its brethren. The plain language of § 553(a) states, "[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title [11], *this title does not affect any right of a creditor to offset ...*" mutual prepetition debts. 11 U.S.C. § 553(a) (emphasis added). As stated in *In re Orlinski,* " 'this title,' title 11, includes § 1327(a). Section 553(a) is clear that the right of setoff is not made subject to the provisions of § 1327(a). Under § 553(a), a valid prepetition right of setoff continues to exist notwithstanding § 1327(a), subject only to the provisions of §§ 362, 363, and the rest of § 553." *In re Orlinski,* 140 B.R. at 603. *See also In re Mason,* 79 B.R. at 788 (confirmation of chapter 13 plan does not bar setoff of mutual prepetition debts); *In re Dominguez,* 67 B.R. at 529.

The Debtors argue that the IRS is bound by the terms of the confirmation order because the IRS failed to object to the provisions of the proposed plan. Under 11 U.S.C. § 1327(a), a confirmation order is res judicata as to all questions pertaining to a plan of reorganization which were or could have been raised. *In re Orlinski,* 140 B.R. at 603. However, based on the express unequivocal language of § 553(a), § 1327(a) does not affect or alter a creditor's prepetition right to setoff. Although the result may appear inequitable, "[t]he rule allowing setoff, both before and after bankruptcy, is not one that courts are free to ignore when they think application would be 'unjust.' It is a rule that has been embodied in every bankruptcy act the nation has had, and creditors ... have long acted in reliance upon it." *New Jersey National Bank v. Gutterman (In re Applied Logic Corp.),* 576 F.2d 952, 957–58 (2d Cir.1978).[2] A creditor will not be required to object to confirmation of a plan, then to bargain with the debtor for language

---

1. *See In re Willardo,* 67 B.R. 1014 (Bankr. W.D.Mich.1986) (local bankruptcy rule which allowed IRS *automatic* relief from stay to set off mutual prepetition debts vacated as in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution) (relief from stay denied on other grounds).

2. In *Applied Logic,* Judge Friendly of the Second Circuit ruled the plaintiff bank was entitled under the Bankruptcy Act to exercise its right of setoff of unsecured debt owed to it against bank deposits and certificates of deposit (not designated for special use) of the debtor defendant which were held by the bank. 576 F.2d 952 (2d Cir. 1978).

allowing setoff be inserted therein, when such right to setoff existed prepetition and is preserved by § 553(a). That the IRS in this case did not object to the content of the Debtors' plan of reorganization is, therefore, inconsequential.

Cases under chapter 11 of the Bankruptcy Code have similarly allowed post-confirmation setoff under § 553(a). The case of *Carolco Television, Inc. v. National Broadcasting Co. (In re De Laurentiis Entertainment Group, Inc.)*, 963 F.2d 1269 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992), discusses the interaction between 11 U.S.C. § 553 and 11 U.S.C. § 1141, which provides for the discharge of prepetition debts after the debtor's plan of reorganization is confirmed. After reviewing four types of setoff cases, including those with confirmed chapter 13 plans, the *De Laurentiis* Court concludes that § 553 takes precedence over § 1141. The Court based its decision upon the plain meaning of § 553(a), which establishes the right to setoff controls notwithstanding any other provision of the Bankruptcy Code. *Id.* at 1276–77. The *De Laurentiis* Court went on to state that to hold otherwise would nullify § 553: "If § 1141 were to take precedence over § 553, setoffs would be allowed under chapter 11 only where they were written into a plan of reorganization. Section 553 would then be largely superfluous since a setoff could be written into the reorganization plan even without § 553. A reading of § 553 which renders it meaningless should be highly suspect." *Id.* at 1277. *See also Pettibone Corp. v. United States (In re Pettibone Corporation)*, 161 B.R. 960 (N.D.Ill.1993) (dictum, "we do not agree with [the debtor] that the Confirmation Order, § 524, or the Plan prohibit such setoffs"), *aff'd in part, remanded in part on other grounds,* 34 F.3d 536 (7th Cir.1994); *Service Decorating Co. v. Travelers Insurance Co. (In re Service Decorating Co.)*, 105 B.R. 859 (N.D.Ill.1989).

The *De Laurentiis* Court specifically notes that the chapter 13 cases it reviewed were decided in favor of barring setoff post-confirmation. The Court criticizes the result in these cases, stating: " ... in all of these cases the Internal Revenue Service was the creditor. The IRS attempted to retain tax overpayments and set them off against other debts. The factual settings of these cases may have had some influence on their results." *In re De Laurentiis,* 963 F.2d at 1275, n. 12.

This Court does not see a difference between chapter 11 and chapter 13 for the purpose of applying § 553 and allowing post-confirmation setoff to occur. By its own terms, § 553 predominates and is limited only by the exceptions and Code sections therein enumerated. Accordingly, this Court holds that § 553 takes precedence over § 1327, and an order confirming a chapter 13 plan does not bar a creditor from seeking setoff pursuant to § 553. The IRS, having shown its right to setoff under 11 U.S.C. § 553(a), and cause for relief from stay pursuant to 11 U.S.C. § 362(d), is therefore permitted to exercise its prepetition right of setoff.

Accordingly, the IRS's Motion for Relief from Stay shall be, and the same hereby is, GRANTED.

**IT IS SO ORDERED.**