IN re Bruce and Beverly WOMACK.

Bruce and Beverly WOMACK, Plaintiffs,

v.

UNITED STATES of America,
INTERNAL REVENUE
SERVICE, Defendant.

Bankruptcy No. 95–10030 S.
Adv. No. 95–1004.

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

Sept. 21, 1995.

Raymond Weber, Little Rock, AR, for Plaintiffs.

Raymond Mulera, Tax Division, U.S. Dept. of Justice, Washington, DC, for Defendant.

A.L. Tenney, Trustee.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a Complaint for Turnover filed by the debtors against the Internal Revenue Service (IRS). The IRS has responded and affirmatively requests relief from the automatic stay to allow the United States to offset a portion of its claim in this bankruptcy proceeding against the debtors 1994 overpayment. The debtors resist the motion and assert that their 1994 tax refund is property of the estate and upon confirmation of their Chapter 13 plan this refund would vest in them. The debtors assert they need the refund for living expenses and necessities and that without possession of these funds, their plan is placed in jeopardy. They further assert their plan, already confirmed provides for payment in full of the IRS claim plus 10% interest.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(E), (G) and (K). Accordingly, this Court may enter final judgment.

On August 16, 1995, the parties filed a stipulation which stated the issue before the Court, the position of the parties, and the facts they deemed relevant to, and determinative of, the declared issue. The parties stipulated to the following facts:

"1. On October 19, 1992, the Internal Revenue Service (IRS) filed a notice of federal tax lien against the plaintiffs for their joint 1990 income tax liability.

"2. On February 23, 1995, the plaintiffs filed for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code.

"3. On March 15, 1995, the IRS, on behalf of the United States, filed a proof of claim in the amount of $8,458.77.

"4. On March 27, 1994, the IRS offset the debtors' 1994 tax overpayment, in the amount of $1,292 against the debtors' 1990 tax liability.

"5. Subsequently, the IRS reversed this offset, but maintains possession of the overpayment.

"6. On April 26, 1995, the IRS, on behalf of the United States, filed an amended claim seeking a secured claim in the amount of $4,926.61 for the debtors' 1990 federal income tax.

"7. On or about April 12, 1995, the plaintiffs filed a Complaint for Turnover of Property of the Estate seeking their 1994 tax overpayment in the amount of $1,292.

"8. On or about May 23, 1995, the United States filed its Answer to plaintiffs' complaint and requested that this Court lift the automatic stay to authorize offset of the 1994 overpayment against the 1990 tax liability, pursuant to Section 553 of the Bankruptcy Code."

This Chapter 13 case was filed on February 23, 1995, at which time a plan was submitted proposing to pay, in full, a secured tax debt to the United States for federal income taxes due for the 1990 taxable year. The debtors owe $4,926.61 in federal income taxes. The Internal Revenue Service is currently holding a refund due for the 1994 taxable year in the amount of $1,292.00.

### The Right to Setoff Under Section 553

The primary issue for the Court is whether the United States is entitled to relief from stay in order to setoff the income tax refund for 1994 against the secured income tax debt owed for 1990. The debtors do not assert that the United States is not entitled to setoff the refund because the 1994 refund is not mutual, but argue that there exists a confirmed plan under which the creditor will receive full payment plus interest on the debt, and they need the money for expenses and necessities.

Section 553 of the Bankruptcy Code preserves the right of setoff:

553. Setoff.

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that

(1) the claim of such creditor against the debtor is disallowed;

(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or

(B)(i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition; and

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

11 U.S.C. § 553(a). Thus, in order to exercise its right to setoff, the United States must demonstrate:

(1) that the debt is mutual, *i.e.,* that each party has the right, in his own name, to collect against the other, in his own right. *In re MetCo Mining and Minerals, Inc.,* 171 B.R. 210, 217 (Bankr.W.D.Pa.1994); *In re Glaze,* 169 B.R. 956, 964 (Bankr.D.Ariz.1994);

(2) the debt owing to the creditor arose before the bankruptcy case;

(3) the claim against the creditor arose before the bankruptcy case; and

(4) that the right to setoff exists under nonbankruptcy law. *See In re Whitaker,* 173 B.R. 359, 361 (Bankr.S.D.Ohio 1994); *see*

*also In re MetCo Mining and Minerals, Inc.,* 171 B.R. 210, 216 (Bankr.W.D.Pa.1994).

Each of these elements has been met in this case. The right to setoff exists pursuant to 26 U.S.C. § 6402(a).[1] Secondly, the debts are between the same parties, in their individual capacities. Third, the debt owing to the United States is clearly a pre-petition debt since it arose at the conclusion of the calendar year 1994. Finally, the funds held by the United States also constitute a pre-petition debt inasmuch as the taxes became an obligation on December 31, 1990, the close of the tax year. *Lawrence v. Comm'r (In re Lawrence),* 19 B.R. 627 (Bankr.E.D.Ark. 1981); *Harbaugh v. United States,* 89–2 U.S.T.C. (CCH) ¶ 9608, 1989 WL 139254 (W.D.Pa.1989), *aff'd,* 902 F.2d 1560 (3d Cir. 1990); *Kalenze v. Federal Crop Ins. Corp. (In re Kalenze),* 175 B.R. 35 (Bankr.D.N.D. 1994); *In re Thorvund–Statland,* 158 B.R. 837 (Bankr.D.Idaho 1993); *In re Ferguson,* 83 B.R. 676 (Bankr.E.D.Mo.1988). Accordingly, each of the elements required for setoff under section 553 has been met such that cause exists for relief from stay. *See In re Murry,* 15 B.R. 325, 326 (Bankr.E.D.Ark. 1981) ("This section clearly grants the United States an unqualified right to setoff an overpayment against any federal tax liability of the person who made the overpayment. The automatic stay provisions of 11 U.S.C. Section 362 prevent the setoff from being made immediately, but no provision of the Bankruptcy Code eliminates the rights granted to the United States by the Internal Revenue Code."); *see also Wilson v. Internal Revenue Service (In re Wilson),* 29 B.R. 54 (Bankr. W.D.Ark.1982).

### *The Effect of Plan Confirmation*

▮▮▮ The debtors argue that the United States should not be permitted to setoff the refund against the tax debt because the Chapter 13 plan, providing for full payment of the debt, has been confirmed. Section 553 states that "Except as otherwise provided in this section and in sections 362 and 363 of

---

1. Section 6402(a) provides:

   (a) General Rule. In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.

this title, *this title does not affect any right of a creditor to offset a mutual debt....*" "This title" necessarily includes section 1327 which establishes the effect of confirmation.[2] Thus, based upon the unequivocal language of section 553, confirmation does not alter a creditor's right to setoff. *In re Olson*, 175 B.R. 30 (Bankr.D.Neb.1994); *In re Whitaker*, 173 B.R. 359 (Bankr.S.D.Ohio 1994); *see also Carolco Television, Inc. v. National Broadcasting Co., (In re De Laurentiis Entertainment Group, Inc.)*, 963 F.2d 1269 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992) (Chapter 11).

■ This Court does not agree that there is any inequity in the rule that the creditor is entitled to setoff despite plan confirmation. As noted by Judge Adams in *In re Murry:*

> Not only is the Government's right to setoff supported by statute, but it is also the equitable solution in this situation. Any refund made to the plaintiff at this point would be a windfall to her. The plan proposed by the debtor-plaintiff in this proceeding is based upon the net income which she has at her disposal during the course of the year. Amounts which are deducted from her gross income are not taken account of because it is assumed they are being used to cover current expenses. If, as in this case, the debtor's current tax liabilities are less than the amounts withheld from her wages, then the excess should be available to her creditors under the plan. If the 1980 overpayment is simply refunded to the debtor-plaintiff herein, she will receive a cash windfall with no additional obligation to her creditors other than to continue with her payments under the plan. It is clearly a fairer solution to allow the United States to retain the overpayment against its claim in the bankruptcy proceeding.

*Murry*, 15 B.R. at 326. The situation in the instant case is the same. Moreover, setoff may in fact be of benefit to the debtors and to some of the other creditors in this case. Upon setoff, the debt to the United States will have been reduced by one-fourth, thereby permitting earlier or larger installment payments to secured creditors or providing for a small or increased payment to unsecured creditors. In this manner, the length of time required to pay the debts under the plan may be reduced, or, alternatively, more creditors may receive funds.

### Conclusion

Having established cause for relief from stay, *In re Orlinski*, 140 B.R. 600, 603 (Bankr.S.D.Ga.1991), the automatic stay will be lifted in order for the United States to setoff the federal income tax refund for the 1994 taxable year against the debt owed to the United States for federal income taxes for the 1990 taxable year. Accordingly, it is

**ORDERED** that the Complaint for Turnover of Property of the Estate is **DENIED**. A separate judgment will be entered in accordance with these findings.

**IT IS SO ORDERED.**

### *JUDGMENT*

This action came before the Court, Honorable Mary Davies Scott, U.S. Bankruptcy Judge, presiding, upon stipulated facts and briefs. A decision having been duly rendered,

**IT IS ORDERED AND ADJUDGED** that the Complaint for Turnover is **DENIED** and the United States is granted relief from the automatic stay to setoff the federal income tax refund for the 1994 taxable year against the debt owed to the United States for federal income taxes for the 1990 taxable year.

**IT IS SO ORDERED.**

---

**2.** Section 1327(a) states that the provisions of the confirmed Chapter 13 plan bind the debtor and each creditor, whether or not the plan provides for the claim of the creditor.