**In re NATIONAL ENVIRONMENTAL WASTE CORPORATION, a California corporation aka Newco, aka Newco Waste, aka Newco Recycling, Reorganized Debtor.**

**Bankruptcy No. SA 93–14825 JW.**

United States Bankruptcy Court,
C.D. California.

Jan. 25, 1996.

---

**10.** *See* footnote 2, *supra*.

J. Scott Williams, D. Edward Hays, Rus, Miliband, Williams & Smith, Irvine, CA, for City of Riverside, Movant.

## MEMORANDUM OF DECISION

JOHN J. WILSON, Bankruptcy Judge.

The City of Riverside ("Riverside" or the "City") filed a motion for an order determining that the police and regulatory power exception to the automatic stay applies to the City's review and termination of its solid waste contracts. Debtor National Environmental Waste Corporation ("Newco") opposed the motion on the ground that the City's action was void and not subject to any exceptions to the automatic stay in the Bankruptcy Code. The issues before the Court are (1) whether the actions of the City qualify under the automatic stay exception in Bankruptcy Code § 362(b); and (2) whether the automatic stay can be annulled in this case with respect to the City's termination of its contract with Newco.

### I. Statement of Facts

Newco has handled waste hauling services in the City of Riverside since approximately 1972. In 1991, the City retained four separate solid waste enterprises to service exclusively its five separate service areas. The agreements between Riverside and the waste hauling enterprises were known as "Evergreen" contracts, because they ran perpetually until the city provided notice of termination. On January 18, 1991, Newco entered into a contract with Riverside to provide refuse hauling services within the City. The contract was for a term of eight years and automatically renewed itself annually for another year subject to Riverside's right to provide eight years' notice of termination.

On March 11, 1993, Riverside's Utility Services/Land Use/Energy Development Committee, at the request of the Riverside City Council, reviewed the Evergreen contracts between the City and the various solid waste enterprises. The Committee determined that the Evergreen contracts did not allow the City to provide for the health and welfare of its constituents in the best possible way due to the eight year notice provisions.

William B. Burd of Law Offices of William B. Burd, Santa Ana, CA, for National Environmental Waste Corporation, et al.

On May 4, 1993, Newco filed a voluntary petition under Chapter 11 of the Bankruptcy Code, for reasons unrelated to the City's actions.

On May 11, 1993, the Riverside City Council, acting on a recommendation from the Committee, voted to terminate the Evergreen contracts, including the agreement with Newco. On May 18, 1993, Riverside provided notice of the termination to all the solid waste enterprises providing services to the City, including Newco.

On June 22, 1994, Newco confirmed its Chapter 11 Plan of Reorganization. On April 10, 1995, Newco advised Riverside that it considered the notice of termination to be void as having been issued in violation of 11 U.S.C. § 362(a). On August 28, 1995, Riverside filed a motion for an order determining that the police and regulatory power exception to the automatic stay applies to the notice of termination sent by the City or, in the alternative, for an order annulling the automatic stay.

## II. Discussion

Riverside makes two arguments in its motion: (1) the automatic stay provided by Section 362(b)(4) excepts the action of the City Council; and (2) even if Section 362(b)(4) does not except Riverside's actions, the Court should grant an order annulling the automatic stay with respect to Riverside's termination of Newco's contract. While the Section 362(b)(4) exception does not apply to Riverside's termination of Newco's contract, the Court holds that, due to the unique facts presented in this case, equity requires that the Court annul the automatic stay with respect to the City's termination of Newco's contract.

### A. The Police and Regulatory Power Exception to the Automatic Stay Found in Bankruptcy Code Section 362(b)(4) Does Not Apply to Riverside's Termination of Newco's Contract.

Pursuant to Ninth Circuit law, Newco's contract with the City constitutes property of the estate. Thus, unless an exception applies, any act to obtain possession or control over the contract is stayed pursuant to Bankruptcy Code Section 362(a)(3):

(a) Except as provided in subsection (b) of this, a petition filed ... operates as stay, applicable to all entities, of— ...

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

It is well established in the Ninth Circuit that the contract rights of a debtor are property of the estate pursuant to Bankruptcy Code Section 541. For example, insurance contracts fall within the statutory definition of property under Section 541, and the right to cancel an insurance policy is stayed under Section 362(a)(3). *The Minoco Group of Companies, Ltd. v. First State Underwriters Agency of New England Reinsurance Corporation (In re The Minoco Group of Companies, Ltd.)*, 799 F.2d 517, 519 (9th Cir.1986). In *Computer Communications, Inc. v. Codex Corporation (In re Computer Communications, Inc.)*, 824 F.2d 725, 728 (9th Cir.1987), the Ninth Circuit stated:

11 U.S.C. § 362 provides that the filing of a bankruptcy petition automatically stays 'any act to obtain possession of property of the estate....' 11 U.S.C. § 362(a)(3). The courts below held that the automatic stay prohibited Codex from unilaterally terminating the Agreement. We agree. Even if Codex had a valid reason for terminating the Agreement, it still was required to petition the court for relief from the automatic stay under § 362(d).

In *Carroll v. Tri–Growth Centre City, Ltd. (In re Carroll)*, 903 F.2d 1266, 1271 (9th Cir.1990), the Ninth Circuit reiterated that an executory contract that is property of the estate can only be terminated after a grant of relief from the stay. Thus, under Ninth Circuit law, the contract between Newco and Riverside is property of the estate. Accordingly, the automatic stay of Section 362(a) protects Newco's contract rights from unilateral termination, unless some exception in Section 362(b) applies.

Riverside apparently concedes that Newco's contract rights are property of the estate. However, the City contends that the actions taken by the Council are excepted from the automatic stay by Section 362(b)(4). The subsection states:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay— . . .

(4) *under subsection (a)(1)* of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; (emphasis added).

■ On its face, this exception to the automatic stay only applies to the stay under subsection (a)(1) of Section 362, which provides that a bankruptcy filing operates as a stay as to:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

However, the actions of the Council constitute an act to obtain possession of property of the estate and thus trigger the automatic stay provision in Section 362(a)(3).

Under the Ninth Circuit's reading of Section 362(b)(4), the City's attempt to exercise control over Newco's contract is a violation of the automatic stay. In *Hillis Motors, Inc. v. Hawaii Auto Dealers Association*, 997 F.2d 581 (9th Cir.1993), the defendant argued that the actions of the Hawaii Department of Commerce and Consumer Affairs in purportedly dissolving a corporate debtor while the automatic stay was in effect, based on the debtor's failure to file annual exhibits and accompanying filing fees, were exempt from the automatic stay as an exercise of police or regulatory powers. In holding the actions of the state to be void *ab initio*, the Ninth Circuit stated,

Where through an action an individual or entity would exercise control over property of the estate, that party must obtain advance relief from the automatic stay from the bankruptcy court. [*Carroll*, 903 F.2d

at 1270–71]. This rule applies with equal force to acts by governmental agencies. *Id.* at 586.

The legislative history clearly indicates the scope of Section 362(b)(4):

[Subsection (b)(4) ] excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977); S.Rep. No. 989, 95th Cong, 2d Sess. 52 (1978), U.S.Code Cong. & Admin.News 1978 at 5787, 5838, 6299.

[Subsection (b)(4) ] is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate.

124 Cong.Rec. H11092 (daily ed. Sept. 28, 1978); S17409 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini.

■ In other words, Congress designed Section 362(b)(4) to allow governments to act pursuant to their traditional regulatory and police powers to protect public health and safety. Not all actions of governments are actions pursuant to such powers. Many governmental actions are conducted in the government's capacity as a commercial actor. In such instances, the governmental unit should be held to the same standards of action as any non-governmental unit.

The City relies on a recent U.S. Supreme Court case, *Citizens Bank of Maryland v. Strumpf*, for the proposition that Section 362(a)(3) should not be applied to restrict governmental actions such as the City's termination of Newco's contract. *Citizens Bank of Maryland v. Strumpf*, — U.S. —, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). In *Strumpf*, the U.S. Supreme Court held that a

bank's post-petition administrative hold on a debtor's account did not violate the automatic stay. In support of its argument that the administrative hold did not constitute a set-off, Citizens Bank of Maryland argued that Section 542(b) specifically recognizes a creditor's right to setoff in turning over property of the estate and that Section 553(a) preserves a creditor's non-bankruptcy right of setoff. In response, the debtor argued that the bank's administrative hold violated Section 362(a)(3), which prohibits any act to obtain possession of or exercise control over property of the estate. In rejecting the debtor's argument, the U.S. Supreme Court stated that it will not give Section 362(a)(3) an interpretation that would proscribe what Sections 542(b) and 553(a) were plainly intended to permit. *Strumpf,* — U.S. at ——, 116 S.Ct. at 289–90,.

*Strumpf,* however, is not directly on point. The U.S. Supreme Court found that the bank's administrative hold did not constitute an exercise of control or dominion over property of the estate; it was merely a refusal to perform its promise. Thus, the U.S. Supreme Court ruling rested not on a limitation of the scope of Section 362(a)(3), but on its finding that the action at issue did not deprive the estate of property.

In this case, since Ninth Circuit law holds that contract rights constitute property of the estate, the City's unilateral termination of Newco's contract is clearly an action exercising control over property of the estate.

The City makes much of the fact that it decided to terminate all the Evergreen contracts to improve its negotiating position as somehow demonstrating that termination of the contract therefore falls within the police or regulatory power exception. However, the City's argument only demonstrates that its actions were commercial in nature and were not intended by Congress to fall within the police or regulatory power exception. The Third Circuit has explained the policy behind this exception as follows:

> Government agencies are only excepted from the reach of the automatic stay when proceeding 'to enforce such governmental unit's police or regulatory power.' 11 U.S.C. Section 362(b). Congress intended

this exception to apply where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violations of such law. . . . Neither the language of section 362(b) nor its legislative history indicates that this exception was intended to permit government agencies to enforce *contractual* rights against a debtor without first seeking relief from the automatic stay.

*In re University Medical Center,* 973 F.2d 1065, 1074–1075 (3d Cir.1992) (emphasis in the original) (footnotes and citations omitted).

Here, the City clearly exercised its contractual rights in violation of Section 362(a)(3). Thus, the police or regulatory power exception of Section 362(b)(4) does not excuse the City's actions.

■ In the Ninth Circuit, barring a retroactive annulment of the automatic stay, actions taken in violation of the automatic stay are void, not voidable. *Schwartz v. United States of America (In re Schwartz),* 954 F.2d 569 (9th Cir.1992); *Hillis Motors,* 997 F.2d at 586. Thus, if the stay were to remain in force, the City's actions in violation of the automatic stay would be void.

### B. The City Is Entitled to an Annulment of the Automatic Stay With Respect to the City Council's Termination of Its Contract With Newco.

■ Although actions taken in violation of the automatic stay are generally void, Section 362(d)(1) provides that a creditor affected by the imposition of the automatic stay may petition the Court for annulment of the stay and shall be entitled to such relief for cause. Annulment may be granted so as to retroactively validate actions taken post-petition. *Schwartz,* 954 F.2d at 569. Pursuant to Section 362(g)(2), the debtor has the burden of proof to demonstrate that "cause" does not exist to annul the stay under Section 362(d)(1). 11 U.S.C. § 362(g)(2).

■ The City claims that Newco is estopped from challenging the City's termi-

nation of its contract under the doctrine of laches. While the cases that the City cites are largely inapposite to the instant case, the Court finds that equitable considerations justify annulment of the automatic stay with respect to the City's termination of the Newco contract.

The City cites two cases in support of its request for annulment of the automatic stay: *Job v. Calder (In re Calder)*, 907 F.2d 953 (10th Cir.1990) and *Matthews v. Rosene*, 739 F.2d 249 (7th Cir.1984). These cases involved egregious conduct by the debtor, particularly in concealing the commencement of the bankruptcy proceeding. In this case, Newco's conduct did not rise to an egregious level, and the City had actual knowledge of Newco's bankruptcy proceeding. Thus, these decisions are not controlling.

Here, we have a unique situation with facts that radically differ from previous cases, and the holdings in *Calder* and *Matthews* would produce an inequitable result if applied to the instant case. Most significantly, this case concerns a contract with an *eight-year notice of termination clause.* Furthermore, all parties involved in this case have acted throughout these proceedings on the assumption and belief that the City validly terminated Newco's contract in 1993.

Due to the length of the notice period (8 years), an order denying the City's motion for annulment would greatly prejudice Riverside by allowing Newco to have exclusive rights in providing a vital civil service for almost three additional years. If the City is held to have violated the automatic stay with its termination of the Newco contract, then the contract expires eight years after the City sends Newco a new notice of termination. If the City's termination of the Newco contract is valid, then the contract expires eight years from the notice, i.e., the year 2001.

While Newco did not engage in egregious conduct or "stealth silence," its actions nevertheless reinforced the perception that Newco's contract would indeed terminate eight years after the City's valid termination in 1993. Newco's representatives attended the City Council meeting at which the Evergreen contracts were discussed. The City notified Newco of its termination of the Newco contract on May 18, 1993; yet, Newco did not challenge the validity of the City's actions until April 10, 1995. Newco specifically acknowledged that the City had legally terminated its contract with Newco in pleadings filed in support of the plan confirmation:

> Much has been made of *the fact that Debtor's contract with the City will expire in May, 2001.* What this really means is that Debtor will have no competition in the City for approximately eight years of the Plan.

Declaration of Christy B. Reehl, filed by Newco, April 27, 1994. Newco disclosed but failed to challenge the validity of the City's review and termination in its Second Amended Joint Disclosure Statement To Accompany Debtors' First Amended Joint Plan Of Reorganization, filed on March 2, 1994, and approved by Order of this Court entered on March 8, 1995, wherein Newco stated that:

> On May 11, 1993, the City Council of the City of Riverside approved a recommendation to provide the required eight-year notice to the private refuse haulers (including Newco) to terminate their contracts. In a letter dated May 18, 1993, Newco received written notice from the City's Public Works Director that its contract with the City will expire on May 11, 2001.

Lastly, and most significantly, Newco confirmed its plan of reorganization by Order entered June 22, 1995, based on the assumption that the City had terminated Newco's contract and that the contract would expire in the year 2001.

While Newco was under no legal duty to inform the City that its termination of the Newco contract was a violation of the automatic stay, all parties to this process worked to confirm Newco's plan under the assumption that the contract would expire in 2001, and not 2004. Given the eight-year notice of termination provision in the contract, the City, and possibly other parties, would be prejudiced by Newco's assertion, made twenty-three months after the City's action, that the termination was a violation of the automatic stay and, hence, was void.

On the other hand, Newco will not be prejudiced by an annulment of the automatic

stay that validates the City's termination of the contract. Newco had assumed all along that the contract would expire in 2001, pursuant to the City's valid termination in 1993. Moreover, had the City applied to the Court for relief from the automatic stay to terminate the Newco contract, the Court would have routinely granted the motion. It would be inequitable to allow Newco to claim a violation of the automatic stay by the City nearly two years earlier and after the confirmation of its plan of reorganization based on a valid termination of the contract.

### C. The City Is Not Entitled to an Award of Attorneys' Fees.

 The City requests an award of attorneys' fees pursuant to Paragraph 4 of the contract between it and Newco, which provides that:

> In the event of any litigation arising out of a breach of this contract, the prevailing party shall be entitled to an award of court costs including reasonable attorney's fees in connection with such litigation, in addition to all other relief to which such party shall be entitled.

However, this proceeding is a motion for annulment of the automatic stay, not "litigation arising out of a breach of this contract."

 In *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738 (9th Cir.1985), the Ninth Circuit affirmed a district court decision denying a debtor's request for attorneys' fees incurred in defending a motion for relief from stay. In so doing, the Ninth Circuit stated,

> A request for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) is not an "action on a contract" to which state substantive law would be applied but an action on a federal statute to be decided according to federal law.

*Id.* at 741–42. In light of the Ninth Circuit's holding in *Johnson,* and since there exists no statute that permits recovery for attorneys' fees under these circumstances, the City is not entitled to recover attorneys' fees.

### III. CONCLUSION

The automatic stay provisions of Section 362(a)(3) protected Newco's rights under the contract with the City. While Section 362(b)(4) provides for a police and regulatory power exception to the automatic stay imposed by Section 362(a)(1), there is no such exception to the automatic stay imposed by Section 362(a)(3). Thus, the City's motion for an order determining that the police or regulatory power exception to the automatic stay applies to the City Council's termination of the City's contract with Newco is denied.

Nevertheless, the City is entitled to annulment of the automatic stay regarding the City's termination of Newco's contract, due to the extenuating facts of this case. Thus, the City's motion for an order annulling the automatic stay is granted.

The City's request for attorneys' fees is denied.

This memorandum of decision contains this Court's findings of fact and conclusions of law. Counsel for Riverside shall lodge and serve a proposed order consistent with this memorandum of decision.