WILLIAM PRENTICE COOPER, III, PETITIONER *v*.
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket Nos. 24178–09W, 24179–09W.      Filed June 20, 2011.

P filed two claims for a whistleblower award with R under sec. 7623(b)(4), I.R.C., and R sent a letter to P denying the claims because an award determination could not be made under sec. 7623(b), I.R.C. We earlier denied R's motion to dismiss for lack of jurisdiction, holding that R's letter was a determination conferring jurisdiction on this Court. *Cooper v. Commissioner*, 135 T.C. 70 (2010). R subsequently filed an answer to each petition P filed seeking review of R's denial of the whistleblower claims. R attached a memorandum summarizing the facts, legal analysis and legal conclusion for R's denials of P's claims. R moves for summary judgment. P objects, asking us to undertake a complete re-evaluation of the facts and take whatever steps are necessary to detect an underpayment of tax. *Held*: Our jurisdiction in whistleblower cases does not include opening an administrative or judicial action to predetermine the tax liability. P failed to meet the threshold requirements for a whistleblower award.

*Joseph G. Giannola* and *Robert J. Mauceri*, for petitioner.
*Holly H. Styles* and *Alex Shlivko*, for respondent.

OPINION

KROUPA, *Judge*: These cases are before the Court on respondent's motions for summary judgment filed pursuant

to Rule 121.[1] Respondent contends that he is entitled to summary judgment as a matter of law because petitioner has not met the threshold requirements for a whistleblower award under section 7623(b). We shall grant respondent's motions.

## *Background*

The following information is stated for purpose of resolving the pending motions. At the time of filing the petitions, petitioner resided in Nashville, Tennessee.

Petitioner, an attorney, submitted two Forms 211, Application for Award for Original Information (whistleblower claims), to the Internal Revenue Service (IRS) in 2008 concerning alleged violations of the Code. He alleged in the two claims that certain parties had failed to pay millions of dollars in estate and generation-skipping transfer tax. Petitioner alleged in one claim that a trust having over $102 million in assets was improperly omitted from the gross estate of Dorothy Dillon Eweson (Ms. Eweson), resulting in a possible $75 million underpayment in Federal estate tax. He alleged in the other claim that Ms. Eweson impermissibly modified two trusts as part of a scheme to avoid the generation-skipping transfer tax. The trusts at issue had a combined value of over $200 million at the time of Ms. Eweson's death in 2005.

Petitioner obtained the information reported in the claims by representing the guardian of a purported trust beneficiary. He verified the information by examining the public records and the records of his client. Petitioner submitted additional supporting information several months after submitting the claims.

Respondent's Whistleblower Office (Whistleblower Office) notified petitioner that it had received the whistleblower claims. The Whistleblower Office explained that petitioner's information would be used to determine whether to further investigate the alleged violations. The Whistleblower Office also told petitioner that he would be informed at the conclusion of the review and investigation whether his information met the criteria for paying an award.

---

[1] All section references are to the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The Whistleblower Office reviewed the information petitioner provided in the whistleblower claims. The Whistleblower Office forwarded the information to the IRS office with subject matter jurisdiction over the issues raised. After that office reviewed the information provided by petitioner, respondent concluded that no administrative or judicial action would be taken against the taxpayer.

The Whistleblower Office sent petitioner a letter stating that respondent had considered petitioner's whistleblower claims. It explained that a section 7623(b) award determination could not be made for either claim because petitioner did not identify any Federal tax issues upon which the IRS would take action. The letter further explained that an award was not warranted for either claim because petitioner's information did not result in the detection of any underpayments of tax.

Petitioner filed two separate petitions in this Court in response to respondent's denials of the whistleblower claims.[2] Respondent filed answers to the petitions. Respondent attached an undated memorandum from Norman Wilson, an IRS estate tax attorney (ETA), as an exhibit to the answer in docket No. 24179–09W.[3] The memorandum summarizes the facts, legal analysis and legal conclusion for respondent's denials of petitioner's claims.

Respondent filed the summary judgment motions that are presently before the Court. Petitioner objects to the motions.

## *Discussion*

We are asked to decide whether summary judgment is appropriate in this whistleblower matter. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See, e.g., *FPL Group, Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). A motion for summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a

---

[2] Respondent filed motions to dismiss for lack of jurisdiction on the grounds that respondent had not issued award determination notices to petitioner. We determined that the Whistleblower Office's letters to petitioner constituted determination notices and denied respondent's motions to dismiss. See *Cooper v. Commissioner*, 135 T.C. 70 (2010).

[3] The memorandum was not filed in docket No. 24178–09W.

decision may be rendered as a matter of law. See Rule 121(b); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See, e.g., *Rauenhorst v. Commissioner*, 119 T.C. 157, 162 (2002). We grant summary judgment cautiously and sparingly, and only after carefully ascertaining that the moving party has met all requirements for summary adjudication. See *Associated Press v. United States*, 326 U.S. 1, 6 (1945).

Respondent moves for summary judgment on the grounds that there remain no genuine issues of material fact for trial. Petitioner asserts that there are genuine issues of material fact because respondent failed to properly investigate facts relevant to petitioner's whistleblower claims. He argues further that respondent failed to apply the correct law in determining the merits of his claims. Petitioner asks us to direct respondent to undertake a complete re-evaluation of the facts in this matter, begin an investigation, open a case file, and take whatever other steps are necessary to detect an underpayment of tax.

Generally, an individual who provides information to the Secretary that leads the Secretary to proceed with an administrative or judicial action shall receive an award equal to a percentage of the collected proceeds. Sec. 7623(b)(1). Thus, a whistleblower award is dependent upon *both* the initiation of an administrative or judicial action *and* collection of tax proceeds.

Petitioner seeks to litigate whether any Federal estate tax or gift tax is due from the taxpayer. Our jurisdiction in a whistleblower action is different from our jurisdiction to review a deficiency determination. We have jurisdiction in a deficiency action to redetermine whether there is any income, estate or gift tax due. See sec. 6214(a). In a whistleblower action, however, we have jurisdiction only with respect to the Commissioner's award determination. See sec. 7623(b). Our jurisdiction under section 7623(b) does not contemplate that we redetermine the tax liability of the taxpayer.

Moreover, although Congress authorized the Court to review the Secretary's award determination, Congress did not authorize the Court to direct the Secretary to proceed with an administrative or judicial action. Congress has

charged the Secretary with the responsibility of seeking tax revenue in every possible situation. Secs. 7601 and 7602. Respondent has explained why he determined that there was no estate or gift tax due on the facts petitioner presented. Petitioner may disagree with respondent's legal conclusions for why there was no Federal estate or gift tax due. Nevertheless, whistleblower awards are preconditioned on the Secretary's proceeding with an administrative or judicial action. Sec. 7623(b)(1). If the Secretary does not proceed, there can be no whistleblower award.

Finally, respondent properly processed petitioner's whistleblower claims but did not collect any amount of tax, interest or penalty from the taxpayer based on petitioner's information. Because a whistleblower award is calculated as a percentage of collected proceeds, if the Commissioner collects no proceeds there can be no whistleblower award. Sec. 7623(b)(1). We shall grant summary judgment to respondent in each docket.

> *Appropriate orders and decisions will be entered.*