# United States Tax Court

163 T.C. No. 6

JOHN F. CARTER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 9379-22W.                              Filed October 3, 2024.

————

R denied P's whistleblower award claim under I.R.C. § 7623. After filing a Petition in this Court for review of the denial, P filed for bankruptcy. The Internal Revenue Service filed a claim in P's bankruptcy case for unpaid tax P owed for pre-Petition year(s). P alleges that an automatic stay pursuant to 11 U.S.C. § 362(a)(8) applies to this case.

*Held*: A taxpayer's bankruptcy filing does not pursuant to 11 U.S.C. § 362(a)(8) automatically stay a whistleblower case filed by the taxpayer.

————

*Paul Michael Spizzirri*, for petitioner.

*Caroline T. Parnass* and *James H. Brunson*, for respondent.

## OPINION

GOEKE, *Judge*: In this whistleblower case petitioner seeks review of a denial of a whistleblower award by the Whistleblower Office

(WBO) of the Internal Revenue Service (IRS) under section 7623.[1] After filing the Petition for review of the award denial, petitioner filed for bankruptcy. The issue before the Court is whether petitioner's bankruptcy filing automatically stays this proceeding pursuant to Bankruptcy Code section 362(a)(8).

## *Background*

During 2012 petitioner engaged in a transaction with the target taxpayer (target). Petitioner filed a whistleblower claim in May 2015 in which he asserted that the target incorrectly reported the transaction. The WBO referred petitioner's claim to an IRS operating division for examination as part of an ongoing audit of the target involving other taxable years.

On January 24, 2022, the WBO issued a Final Determination denying a whistleblower award, stating that "[t]he information you provided didn't result in the collection of any proceeds" and "didn't result in an assessment with respect to the issues you raised."

On August 12, 2024, petitioner filed a Notice of Proceeding in Bankruptcy. Although he had filed the bankruptcy case on May 23, 2023, the parties failed to inform the Court of the bankruptcy filing promptly. The IRS has filed a proof of claim for unpaid tax for pre-Petition years. The record does not establish when or how the IRS assessed the unpaid tax. Upon filing of the Bankruptcy Notice, we ordered the parties to address whether the automatic stay under Bankruptcy Code section 362(a)(8) applies. The parties filed a joint status report indicating that petitioner believes an automatic stay applies, but respondent disagrees.[2]

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times. We refer to title 11 U.S.C. as the Bankruptcy Code.

[2] Instead, respondent asserts that the Court may wait to make a decision pending the outcome of two cases that relate to our jurisdiction to review denials of whistleblower awards, *Kennedy v. Commissioner*, No. 21-1133 (D.C. Cir. filed June 7, 2021), and *Lissack v. Commissioner*, 144 S. Ct. 2707 (2024), *vacating and remanding* 68 F.4th 1312 (D.C. Cir. 2023), *aff'g* 157 T.C. 63 (2021), that are currently before the U.S. Court of Appeals for the District of Columbia Circuit (to which all whistleblower cases are appealable pursuant to section 7482(b)(1) absent a stipulation to the contrary). Respondent previously filed a Motion to Stay Proceedings on this ground, which the Court denied.

Petitioner argues that the whistleblower claim concerns his tax liability because the whistleblower claim and his tax liability arise from the same transaction and involve the same operative facts.[3] Alternatively, petitioner argues that the potential for a setoff of his whistleblower award against his tax liability means that this case concerns his tax liability.

*Discussion*

A taxpayer's bankruptcy filing generally triggers an automatic stay of Tax Court proceedings concerning a taxpayer's tax liability. *Kovitch v. Commissioner*, 128 T.C. 108, 111 (2007). In relevant part, Bankruptcy Code section 362(a)(8) stays Tax Court proceedings "concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief" under the Bankruptcy Code.[4]

A prior version of Bankruptcy Code section 362(a)(8) used the phrase "concerning the debtor" which we narrowly interpret to mean that the automatic stay "should not apply unless the Tax Court proceeding possibly would affect the tax liability of the debtor in bankruptcy." *Kovitch*, 128 T.C. at 112 (finding that in innocent spouse case, bankruptcy of the nonrequesting, intervenor-spouse does not result in an automatic stay); *see also People Place Auto Hand Carwash, LLC v. Commissioner*, 126 T.C. 359, 363 (2006) (finding that the bankruptcy filing of the members of an LLC does not automatically stay the LLC's Tax Court case); *1983 W. Rsrv. Oil & Gas Co. v. Commissioner*, 95 T.C. 51, 57 (1990) (finding that a partnership's bankruptcy filing does not automatically stay a partnership case because partnerships are not subject to tax and, thus, the case would affect the partners' tax liabilities, not the partnership's), *aff'd*, 995 F.2d 235 (9th Cir. 1993) (unpublished table decision). Congress amended Bankruptcy Code section 362(a)(8) to remove the phrase "the debtor" and replace it with the above.[5] *See* Bankruptcy Abuse Prevention and

---

[3] The record before the Court does not allow us to verify these assertions, but we find it unnecessary to do so.

[4] We have jurisdiction to determine whether this case is automatically stayed under Bankruptcy Code section 362(a)(8). *See Moody v. Commissioner*, 95 T.C. 655, 658 (1990).

[5] The amendment also separately addressed corporate debtors, which the prior version of the Bankruptcy Code did not do. The amendment provided that an automatic

Consumer Protection Act of 2005, Pub. L. No. 109-8, § 709, 119 Stat. 23, 127.

We see no reason that our prior interpretation of the statute should change as a result of the amendment. The amendment clarifies what we understood, that the automatic stay applies only if the case before us concerns the tax liability of the debtor-taxpayer. *See Stanwyck v. Commissioner*, T.C. Memo. 2009-73, slip op. at 6. Both the amended version and the prior version focus on the tax liability of the debtor.

Our decision in a whistleblower case does not affect the whistleblower's tax liability even if the claim involves the same transaction and facts as his tax liability. Under section 7623(b), we have jurisdiction to review the IRS's whistleblower award determinations. We do not have jurisdiction to review or determine the target's tax liability. *Cohen v. Commissioner*, 139 T.C. 299 (2012), *aff'd*, 500 F. App'x 10 (2014); *Cooper v. Commissioner*, 136 T.C. 597, 600 (2011); *Pulcine v. Commissioner*, T.C. Memo. 2020-29. Nor do we review the IRS's decision not to proceed with an administrative action against the target or its decision not to assert that the target incorrectly reported its tax liability. *Cooper*, 136 T.C. at 600. Nor can we ask the IRS to explain its decision not to audit a target or order the IRS to audit the target. *Lacey v. Commissioner*, 153 T.C. 146, 166 (2019), *abrogated on other grounds by Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022); *Cooper*, 136 T.C. at 600–01. Rather, we review the WBO's determination to deny petitioner a whistleblower award for abuse of discretion. *Kasper v. Commissioner*, 150 T.C. 8, 21–23 (2018); *see also Van Bemmelen v. Commissioner*, 155 T.C. 64 (2020). We do not substitute our own judgment for that of the WBO.

On the basis of our jurisdiction, our decision in this whistleblower case does not involve any factual findings about the target and petitioner's transaction or its proper tax treatment. Thus, our review of the denial cannot affect the amount of petitioner's pre-Petition tax liability.

Petitioner's argument that the potential for setoff makes an automatic stay of this case appropriate is also of no avail. Bankruptcy Code section 362(a)(7) imposes an automatic stay on a creditor's setoff rights. Thus, the Bankruptcy Code stays the IRS's right to set off

stay applies to a Tax Court proceeding "concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine." Bankruptcy Code § 362(a)(8).

petitioner's whistleblower award against his tax liability that is separate from the automatic stay applicable to Tax Court cases concerning the debtor's tax liability. The automatic stay against a creditor's right of setoff "does not defeat the right of setoff; rather, setoff is merely stayed pending an 'orderly examination of the debtor's and creditor's rights.'" *United States v. Orlinski* (*In re Orlinski*), 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991) (quoting 4 *Collier on Bankruptcy* ¶ 553.05 (15th ed. 1991)). Before the IRS can exercise any right to set off a whistleblower award against petitioner's unpaid tax liability, the IRS must obtain relief from stay from the bankruptcy court. *See In re Dominguez*, 67 B.R. 526, 528 (Bankr. N.D. Ohio 1986). Accordingly, there is no need for the bankruptcy filing to prevent this Court from determining whether petitioner is in fact entitled to a whistleblower award.

To reflect the foregoing,

*An appropriate order will be issued.*