# United States Tax Court

T.C. Memo. 2024-94

BRUCE EDWARD JOHNSON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12448-19W.                     Filed October 17, 2024.

————

Bruce Edward Johnson, pro se.

*Jessica R. Nolen* and *Philip Edward Blondin*, for respondent.


## MEMORANDUM OPINION

VASQUEZ, *Judge*: In this whistleblower award case petitioner seeks review pursuant to section 7623(b)(4)[1] of a final decision issued by the Internal Revenue Service (IRS) Whistleblower Office (WBO), denying petitioner's claim for a whistleblower award. Pending before the Court is respondent's Motion for Summary Judgment, contending that the WBO's denial of petitioner's claim was not an abuse of its discretion. Petitioner has objected. For the reasons that follow, we will grant respondent's Motion and sustain the WBO's determination.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[*2]**                                    *Background*

The following facts are based on the parties' pleadings and Motion papers, including the attached Declarations and Exhibits. *See* Rule 121(c). Petitioner resided in Iowa when he petitioned this Court.

*Initial Whistleblower Claim*

In 2010 petitioner commenced his whistleblower claim by filing Form 211, Application for Award for Original Information, alleging that the target, an entertainment and hospitality provider, had repeatedly violated internal revenue laws. Petitioner claimed that the target's various activities including gambling, restaurants, and an event hall were commercial, rather than charitable, and should preclude its qualification for tax-exempt status. Additionally, petitioner contended the target owed unpaid unrelated business income tax (UBIT) in excess of $40 million for tax years 2006, 2007, and 2008 for revenue generated from its purported commercial activities. On March 16, 2010, the WBO sent a letter to petitioner, acknowledging receipt of his Form 211 and assigning the case a claim number.

*TE/GE Referral and Examination*

Shortly thereafter, the WBO referred the claim to the Tax Exempt and Government Entities (TE/GE) Division in Dallas, Texas. On a date not established by the record, the case was assigned to TE/GE Revenue Agent (RA) Marshall Jackson, who opened an examination of the target for the tax years 2012, 2013, and 2014.

*Proposed Adjustments*

On June 14, 2017, RA Jackson concluded TE/GE's examination and determined that the target owed UBIT for income derived from commercial hospitality activities for all three tax years. RA Jackson proposed adjustments totaling close to $1.4 million[2] reflecting a UBIT deficiency as well as additions to tax for the failure to file, pursuant to section 6651(a)(1). In Form 11369, Confidential Evaluation Report on Claim for Award, RA Jackson confirmed his reliance on the

---

[2] Because of our holding herein, we need not decide whether the "proceeds in dispute" exceeded $2 million pursuant to section 7623(b)(5)(B).

[*3] whistleblower's information[3] to initiate the examination and to calculate the proposed adjustments. At the same time, RA Jackson acknowledged that the target was not in agreement with the proposed adjustments and that, as a result, the case would be sent to Appeals.[4]

*Appeals and Reversal*

Appeals Officer Kim Nguyen determined that the target's exempt purpose included "aiding the County by operating the facility in lieu of the County and contributing to the economic growth and development of the County." Viewed within this context, the revenue streams from the entertainment and hospitality facilities "contribute[] importantly to the achievement of that exempt purpose by improving the services available to patrons visiting the facilities, raising additional revenue, and supplying more jobs for the economy." Appeals Officer Nguyen's characterization of these revenue streams as exempt income reversed the UBIT deficiencies and additional payments identified in the examination and resulted in no changes in the amount of tax owed by the target for tax years 2012, 2013, and 2014.

On June 4, 2019, the WBO issued a denial letter to petitioner indicating that it was denying petitioner's claim because the information he provided did not result in the collection of any proceeds. The letter also stated that it was "a final determination for purposes of filing a petition with the United States Tax Court."

On July 3, 2019, petitioner timely mailed the Petition, which the Court filed on July 8, 2019. On October 17, 2019, respondent filed his Answer. Thereafter, respondent filed a Motion for Summary Judgment, and petitioner filed an Objection thereto.

On January 12, 2023, this Court stayed proceedings pending the resolution of a jurisdictional question raised in *Lissack v. Commissioner*, No. 21-1268 (D.C. Cir. filed Dec. 16, 2021), and *Villa-Arce v. Commissioner*, No. 22-1006 (D.C. Cir. filed Jan. 13, 2022), by the U.S.

---

[3] Between May 13, 2010, and December 6, 2016, petitioner sent an additional 14 letters to the examination team. These contained supplemental information for his claim and included newspaper articles, financial reports, and summaries and analysis of relevant court decisions.

[4] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019). We will use the name in effect at the times relevant to the case, i.e., the Office of Appeals or Appeals.

**[\*4]** Court of Appeals for the District of Columbia Circuit. On May 26, 2023, the D.C. Circuit resolved the jurisdictional question. *See Lissack v. Commissioner*, 68 F.4th 1312, (D.C. Cir. 2023), *vacated and remanded on other grounds*, 144 S. Ct. 2707 (2024); *Villa-Arce v. Commissioner*, 68 F.4th 1328, 1332 (D.C. Cir. 2023). Accordingly, we can now proceed.

*Discussion*

I.    *Jurisdiction*

Section 7623 provides for awards to whistleblowers who submit information to the Government about third parties who have underpaid their taxes or otherwise violated the internal revenue laws. *Whistleblower 972-17W v. Commissioner*, 159 T.C. 1, 4 (2022). Section 7623(a) authorizes discretionary payments in certain circumstances, while section 7623(b) provides for nondiscretionary awards.

In the event a whistleblower is unsatisfied with an award determination, Congress has authorized judicial review of the award determination in our Court. § 7623(b)(4). However, the Tax Court's jurisdiction to review a whistleblower award determination is not without limits. Specifically, the D.C. Circuit has held that the Tax Court lacks jurisdiction to review a threshold rejection of a whistleblower claim—i.e., the WBO's determination that a claim should be rejected at the outset without any further action. *Li v. Commissioner*, 22 F.4th 1014, 1017 (D.C. Cir. 2022); *Whistleblower 972-17W*, 159 T.C. at 6–7; *see also Rogers v. Commissioner*, 157 T.C. 20, 28 (2021) (describing rejection characteristics). The D.C. Circuit has reasoned that the Tax Court has jurisdiction to review a WBO award determination under section 7623(b)(1) when the IRS actually proceeds with an action against the target taxpayer. *Shands v. Commissioner*, 111 F.4th 1, 9 (D.C. Cir. 2024) (noting that the "jurisdictional inquiry focuses on what the IRS *did — i.e.*, whether it '*proceed[ed]* with any administrative or judicial action'" (quoting *Li v. Commissioner*, 22 F.4th at 1017)), *aff'g* 160 T.C. 388 (2023). In *Lissack* and *Villa-Arce*, the D.C. Circuit explicitly declined the opportunity to extend the scope of *Li*, holding that the Tax Court has jurisdiction if the IRS proceeds with an action. *See Lissack v. Commissioner*, 68 F.4th at 1320–21 ("The fact that the IRS conducted an examination here suffices to distinguish Lissack's case from *Li*."). This is true even if the WBO acknowledges that the examination was related to the whistleblower's information yet ultimately determines that the whistleblower is not entitled to an award. *Id.*; *Villa-Arce v.*

**[\*5]** *Commissioner*, 68 F.4th at 1332; *see also Whistleblower 972-17W*, 159 T.C. at 7–10 (reaching the same conclusion on similar facts).

In this case the WBO referred petitioner's claim to TE/GE, which proceeded with administrative action. The WBO subsequently issued a final award decision denying petitioner's claim. Accordingly, this Court has jurisdiction over this case. *See Whistleblower 972-17W*, 159 T.C. at 7–10.

II.    *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Under Rule 121(a)(2), which articulates the general standard for evaluating a summary judgment motion, we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). But this standard "is not generally apt" when reviewing whistleblower award determinations because, in such a case, there is no trial on the merits. *Van Bemmelen v. Commissioner*, 155 T.C. 64, 78-79 (2020). Rather, in a whistleblower case, where we review agency action under the Administrative Procedure Act, we generally "confine ourselves to the administrative record to decide whether there has been an abuse of discretion." *Id.* at 78.

Our Rules recognize this distinction, clarifying that in cases in which judicial review is based solely on the administrative record, Rule 121(a)(2) does not apply, and the parties must provide "statement[s] of facts with references to the administrative record." Rule 121(j). In this context, summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record or whether the WBO's determination was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Van Bemmelen*, 155 T.C. at 72 (quoting *Kasper v. Commissioner*, 150 T.C. 8, 21 (2018)). In conducting this analysis, we do not substitute our judgment for that of the agency, but instead confine ourselves to ensuring that its determination was "within the bounds of reasoned decisionmaking." *Id.* (quoting *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2569 (2019)). With respect to factual matters, this includes accepting the agency's determinations so long as they are not clearly erroneous. *See Kasper*, 150 T.C. at 23 (citing *Fargo v.*

**[\*6]** *Commissioner*, 447 F.3d 706, 709 (9th Cir. 2006), *aff'g* T.C. Memo. 2004-13).

III.   *Analysis*

In his Motion for Summary Judgment, respondent argues that we should sustain the WBO's determination to deny the whistleblower an award because the whistleblower's information did not lead to the collection of any proceeds.  Petitioner counters that the WBO's denial was an abuse of discretion based on their adoption of a clearly erroneous view of the law.

Under this statutory scheme, a whistleblower must meet two conditions to qualify for a nondiscretionary award.  First, the Secretary must "proceed[] with an[] administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention" by the whistleblower.  § 7263(b)(1).  Second, the Secretary must derive proceeds from this action.  *Id.*; *see Cohen v. Commissioner*, 139 T.C. 299, 303 (2012) ("We can provide relief under section 7623(b) only after the Commissioner has initiated an administrative or judicial action and collected proceeds."), *aff'd*, 550 F. App'x 10 (D.C. Cir. 2014); *Cooper v. Commissioner*, 136 T.C. 597, 600 (2011) ("[A] whistleblower award is dependent upon *both* the initiation of an administrative or judicial action *and* collection of tax proceeds.").

Petitioner satisfies the first condition.  The information from the whistleblower prompted an administrative action, an examination for the target's 2012, 2013, and 2014 tax years.  At the conclusion of the examination, adjustments were proposed for all three tax years. However, the administrative record establishes, and petitioner does not dispute, that all proposed deficiencies were reversed on appeal, resulting in the target's owing no taxes.  Thus, the administrative action did not lead to the collection of any proceeds.  As a result, petitioner fails to satisfy the second condition to qualify for an award under section 7623(b).

Petitioner does not allege any material dispute as to these facts. He does not contend that respondent collected proceeds pursuant to the examination for tax years 2012, 2013 and 2014.[5]  Instead, petitioner

---

[5] In the Petition, petitioner mentions a July 1, 2019, article in which a local government official is quoted as saying that "parts of [target's] operations are no longer tax exempt as a result of the IRS investigation."  Petitioner offers no substantiation of

**[\*7]** insists that "[t]his Court need only correct the Appeals Officer's erroneous view of the law and remand the case directing that the correct rule of law be applied." However, we do not have authority to "review the Commissioner's determinations of the alleged tax liability to which the claim pertains." *Cohen*, 139 T.C. at 302. Nor do we have authority "to direct the Secretary to proceed with an administrative or judicial action." *Cooper*, 136 T.C. at 600. While petitioner's concerns about the charitable function of the target may be sincere, we cannot grant him the relief he seeks.

We conclude that the WBO did not abuse its discretion in denying petitioner's claim for an award because, as the administrative record makes clear, petitioner's information did not lead to the collection of any proceeds from which an award could be made.

IV. *Conclusion*

Finding no abuse of discretion in any respect, we will grant respondent's Motion for Summary Judgment and sustain the WBO's determination to deny petitioner an award.

We have considered all other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*

---

this assertion and does not raise this argument in his Objection. Even if petitioner had done so, "collected proceeds" in whistleblower cases do not include self-reported amounts collected when a taxpayer changes its reporting for years that are not part of the action, even if the target's behavior was influenced by a prior examination. *See Whistleblower 16158-14W v. Commissioner*, 148 T.C. 300 (2017).